UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GILBERTO LOPEZ-MONJARAZ,

    Defendant.

3:09-cr-0046-LRH-RAM

ORDER

Before the court is defendant Gilberto Lopez-Monjaraz's ("Monjaraz") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #22.[1]

**I.  Facts and Procedural History**

On November 3, 2009, Monjaraz pled guilty to possessing with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Doc. #14. Monjaraz was subsequently sentenced to one hundred eighty-eight (188) months incarceration. Doc. #20. Thereafter, on June 9, 2011, Monjaraz filed the present motion to vacate pursuant to 28 U.S.C. §2255. Doc. #22.

///

///

---

[1] Refers to the court's docket number.

**II.	Discussion**

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005).

In his motion for relief under § 2255, Monjaraz argues that his counsel was constitutionally ineffective because his counsel failed to file a notice of appeal after he requested an appeal be filed and failed to raise an *Apprendi* challenge relating to the amount of methamphetamine which resulted in a higher base sentencing guideline range. *See* Doc. #22.

The Sixth Amendment to the Constitution provides that criminal defendants "shall enjoy the right to have the assistance of counsel for his defense." U.S. Const. Amend. VI. To establish ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that petitioner was prejudiced as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was deficient, the court must examine counsel's overall performance, both before and at trial, and must be highly deferential to the attorney's judgments." *Quintero-Barraza*, 78 F.3d at 1348 (citing *Strickland*, 466 U.S. at 688-89) (internal quotations omitted). Once a petitioner has established that counsel's performance was deficient, the petitioner "must then establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

///

///

**1. Failure to File A Notice of Appeal**

Any attorney who "disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In his motion, Monjaraz contends that he requested his attorney file a notice of appeal and that the attorney failed to do so. *See* Doc. #22.

When presented with a defendant who claims that he ordered his attorney to file an appeal, the court has two options. First, "the district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and re-enter the judgment, allowing the appeal to proceed." *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1198 (9th Cir. 2004). Second, "if the state does not object, the district court can vacate and re-enter judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true." *Id*.

Here, the government does not object to vacating and re-entering the judgment. Therefore, the court shall grant Monjaraz's motion as to this issue, vacate the judgment and re-enter it to allow Monjaraz an opportunity to file an appeal.

**2. *Apprendi* Challenge**

After reviewing the documents and pleadings on file in this matter, the court finds that Monjaraz has failed to establish that his counsel's performance was constitutionally ineffective as it relates to raising an *Apprendi* challenge concerning the amount of methamphetamine used in his sentencing calculations. First, Monjaraz fails to provide any basis for his claim that he was entitled to an *Apprendi* challenge related to the amount of methamphetamine. Second, he fails to identify on which grounds his counsel could have raised such a challenge or that such a challenge would have been sustained in light of his acknowledgment in both the plea agreement and the plea hearing that at the time of his arrest he had in his possession over 5,000 grams of methamphetamine. Therefore, the court finds that Monjaraz has failed to establish that his claims are anything but frivolous. Accordingly, the court shall deny his motion to vacate, set aside, or correct sentence as to this issue.

1   IT IS THEREFORE ORDERED that defendant's motion to vacate or correct sentence
2 pursuant to 28 U.S.C. § 2255 (Doc. #22) is GRANTED in-part and DENIED in-part in accordance
3 with this order.
4   IT IS FURTHER ORDERED that the clerk of court shall VACATE and RE-ENTER the
5 judgment in this action (Doc. #20).
6   IT IS SO ORDERED.
7   DATED this 18th day of October, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4