UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GILBERTO LOPEZ-MONJARAZ,

    Defendant.

3:09-cr-0046-LRH-RAM

ORDER

Before the court is defendant Gilberto Lopez-Monjaraz's ("Monjaraz") renewed motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #45.[1]

**I.    Facts and Procedural History**

On November 3, 2009, Monjaraz pled guilty to possessing with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Doc. #14. Monjaraz was subsequently sentenced to one hundred eighty-eight (188) months incarceration. Doc. #20.

On June 9, 2011, Monjaraz filed a motion to vacate pursuant to 28 U.S.C. §2255. Doc. #22. On October 18, 2011, the court granted Monjaraz's motion, vacated the judgment, and re-entered the judgment to allow Monjaraz an opportunity to appeal his sentence. *See* Doc. #28. Monjaraz

---

[1] Refers to the court's docket number.

appealed his sentence (Doc. #30) which was ultimately affirmed by the Ninth Circuit (Doc. #44). Thereafter, Monjaraz filed the present renewed motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #45.

**II.    Discussion**

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005).

In his motion for relief under § 2255, Monjaraz argues his counsel was constitutionally ineffective for failing to raise the argument that the government breached the plea agreement at sentencing and which resulted in a higher base sentencing guideline range. *See* Doc. #45.

The Sixth Amendment to the Constitution provides that criminal defendants "shall enjoy the right to have the assistance of counsel for his defense." U.S. Const. Amend. VI. To establish ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that petitioner was prejudiced as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was deficient, the court must examine counsel's overall performance, both before and at trial, and must be highly deferential to the attorney's judgments." *Quintero-Barraza*, 78 F.3d at 1348 (citing *Strickland*, 466 U.S. at 688-89) (internal quotations omitted). Once a petitioner has established that counsel's performance was deficient, the petitioner "must then establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

2

The court has reviewed the documents and pleadings on file in this matter and finds that the government did not breach the plea agreement and therefore, his counsel was not ineffective for failing to raise this argument at sentencing. Contrary to Monjaraz's position, the plea agreement never stipulated to a 135-month sentence for two reasons. First, although the plea agreement contemplated a total offense level of 33, it specifically excluded any agreement or prediction of defendant's criminal history category and therefore it could not - and did not - include any agreement or prediction about defendant's advisory guidelines range. The sentencing range contemplated by the plea agreement's base offense level of 33, after including the presentence investigation report's assessment of two criminal history points for a 2003 state felony conviction for manufacturing and selling false identification documents, was 151-188 months. The court's ultimate sentence of 188 months fell within this range.

Second, the plea agreement contained no stipulation that the government would recommend a sentence at the low end of the advisory guidelines range. Therefore, the court finds that the government did not breach the plea agreement, and thus, defense counsel was not ineffective for failing to raise this argument at sentencing. *See e.g., Wilson v. Henry*, 185 F.3d 986, 991 (9th Cir. 1999) (counsel is not ineffective if counsel "fails" to raise a meritless argument). Accordingly, the court shall deny defendant's motion to vacate, set aside, or correct sentence as to this issue.

IT IS THEREFORE ORDERED that defendant's renewed motion to vacate or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. #45) is DENIED.

IT IS SO ORDERED.

DATED this 9th day of May, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE