UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| )  | |
| Plaintiff,    ) | 3:09-cr-0046-LRH-RAM |
| )  | |
| v.    ) | |
| )  | O R D E R |
| GILBERTO LOPEZ-MONJARAZ,    ) | |
| )  | |
| Defendant.    ) | |
| _____ ) | |

Before the Court is Defendant Gilberto Lopez-Monjaraz's ("Lopez-Monjaraz") Motion for Reconsideration of the Court's April 24, 2015, Order (Doc. #83)[1] denying Lopez-Monjaraz's motion to reduce sentence under 18 U.S.C. § 3582(c)(2). Doc. #86. The United States of America ("United States") filed an Opposition (Doc. #87), to which Lopez-Monjaraz did not reply.

On July 19, 2010, the Court sentenced Lopez-Monjaraz to 188 months for pleading guilty to count 2 of his Indictment, possession of a controlled substance with intent to distribute. Doc. #20. This sentence represented the high-end of the plea agreement between the parties. Doc. #15; *see* Doc. #86 at 3. Subsequently, the parties informed the Court that the plea agreement included a factual error, stating that Lopez-Monjaraz was responsible for 6420 grams of methamphetamine, when he was only responsible for 5271 grams of actual methamphetamine. *See* Doc. #86 at 3. Based on this error, Lopez-Monjaraz moved for reduction of his sentence on November 3, 2014. Doc. #76. On April 24,

---

[1] Refers to the Court's docket number.

2015, the Court found that Lopez-Monjaraz was ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), Amendment 782. Doc. #83. After reviewing the reduction of sentence report prepared by Probation, the Court concluded that Lopez-Monjaraz had been held accountable for more than 5 kilograms of actual methamphetamine, and due to the actual amount of actual methamphetamine, the Base Offense Level remained unchanged. *Id.*; *see* 21 U.S.C. § 841(b)(1)(A)(viii); *id.* § 841(b)(1)(B)(viii). Lopez-Monjaraz now moves for reconsideration.

In the plea agreement, the United States agreed to a sentencing guideline range of 151 to 188 months. However, the Court unequivocally found that the proper offense level was 35 (including a three-level reduction for acceptance of responsibility), and that the sentencing range was therefore 188 to 235 months. Doc. #41 at 5:9-12, 13:25-14:2. The Court imposed a sentence of 188 months, noting that this was the low end of the guideline range, and that a larger sentence would be warranted. *Id.* at 14:2-9. After reviewing Lopez-Monjaraz's sentence based on the actual amount of methamphetamine, Probation determined that the base offense level remained unchanged because Lopez-Monjaraz was still responsible for more than five kilograms of actual methamphetamine. The Court agrees. Lopez-Monjaraz has not identified any further mistake of fact or law that warrants reconsideration of this sentence.

IT IS THEREFORE ORDERED that Lopez-Monjaraz's Motion for Reconsideration (Doc. #86) is DENIED.

IT IS SO ORDERED.

DATED this 25th day of June, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE