UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GILBERTO LOPEZ-MONJARAZ,

    Defendants.

3:09-CR-00046-LRH-RAM

ORDER

Before the Court is Defendant Gilberto Lopez-Monjaraz's ("Monjaraz") Motion to Reduce Sentence. Doc. #94.[1]  The United States of America ("United States") filed a Response. Doc. #95.

**I.     Factual and Procedural Background**

On November 3, 2009, Monjaraz pled guilty to possessing with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). Doc. #14.  Monjaraz was subsequently sentenced to one hundred eighty-eight (188) months incarceration. Doc. #20.  On March 7, 2016, Monjaraz filed a pro se Motion to Reduce Sentence. Doc. #94.  On March 17, 2016, the United States filed a Response. Doc. #95.

**II.    Discussion**

Monjaraz argues that the United States should file a motion either pursuant to Section 5K1.1 or pursuant to Rule 35(b) and his sentence should be reduced because he provided substantial assistance to the government.  He argues that the United States' failure to file such a motion is arbitrary and for reasons not rationally related to any legitimate government interest.

---

[1] Refers to the Court's docket number.

1

This Court must deny Monjaraz's motion for three reasons.  First, this Court does not have the power to amend Monjaraz's sentence.  When more than fourteen days have elapsed since the sentencing, a district court is divested of the power to amend the sentence.  *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011).  Second, the Court's authority to reduce a defendant's sentence below the otherwise applicable statutory minimum under 18 U.S.C. § 3553(e) or Rule 35 is dependent upon a motion by the government, which the government has no obligation to file.  *See Wade v. United States*, 504 U.S. 181, 185 (1992); *United States v. Arishi*, 54 F.3d 596, 597-98 (9th Cir. 1995).  While the government cannot refuse to file a Rule 35(b) motion on the basis of an unconstitutional motive, a "claim that a defendant merely provided substantial assistance" does not entitle a defendant to a remedy, nor do "generalized allegations of improper motive" for the lack of motion by the government.  *Wade*, 504 U.S. at 186.  Here, Monjaraz provides nothing but his own claim that he provided substantial assistance and only makes a generalized allegation, unsupported by evidence, that the United States' failure to file a motion was "arbitrary, for reason not rationally related to any legitimate governmental interest." Doc. #94.  Consequently, his motion must fail.  Third, Monjaraz's request to reduce his sentence is, in effect, a successive habeas motion because it comes subsequent to Monjaraz's 2255 motions filed in November 2012 (Doc. #45) and March 2014 (Doc. # 64).  A second or successive § 2255 motion may not be considered by the district court unless the movant obtains a certificate from the court of appeals authorizing the district court to do so.  *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3).  Because Monjaraz has not obtained permission from the court of appeals to file a successive 2255 motion, this Court does not have the authority to consider his motion.

IT IS THEREFORE ORDERED that Monjaraz's Motion to Reduce Sentence (Doc. #94) is DENIED.

IT IS SO ORDERED.

DATED this 4th day of April, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE