UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GILBERTO LOPEZ-MONJARAZ,<br><br>Defendant. | Case No. 3:09-cr-00046-LRH-RAM<br><br>ORDER |

Before the court is Gilberto Lopez-Monjaraz's motion to reduce sentence. ECF No. 104. The United States of America has filed a response. ECF No. 106.

**I.  BACKGROUND**

On November 3, 2009, Lopez-Monjaraz pled guilty to Count 2 of the indictment, possessing with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). ECF Nos. 1, 14. Lopez-Monjaraz was subsequently sentenced to 188 months incarceration. ECF No. 20. Lopez-Monjaraz has since filed multiple unsuccessful challenges to his sentence.[1] On March 4, 2019, Lopez-Monjaraz filed a pro se

---

[1] Lopez-Monjaraz's sentence was affirmed by the Ninth Circuit. EFC No. 44. Subsequently, he filed two §2255 motions which were denied; a certificate of appealability was also denied for both motions. ECF Nos. 45, 53, 63, 64, 67, 70. On November 3, 2014, he again motioned the court, this time to reduce his sentence based on Amendment 782 to the sentencing guidelines. ECF No. 76. He was appointed counsel, who subsequently withdrew because the public defender did not intend to file a counselled motion. ECF Nos. 78, 82. The motion, ultimately filed pro se, was denied. ECF No. 83. Further motions to reduce sentence and to reconsider were denied and affirmed by the Ninth Circuit in 2015 and 2016. *See* ECF Nos. 86, 88, 91, 94, 97, 98.

1

Motion to Reduce Sentence. ECF No. 104. On March 11, 2019, the United States filed a Response. ECF No. 106.

## II. DISCUSSION

Lopez-Monjaraz argues that his sentence should be reduced pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the United States Sentencing Guidelines § 1B1.10 which reduced the base offense level in the drug quantity tables in § 2D1.1 and 2D1.11. He further argues that during his incarceration he has been actively attempting to rehabilitate himself by taking educational courses and working as an orderly. While the court appreciates his work toward rehabilitation, the court cannot grant his motion.

A district judge typically may not modify the term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c); However, pursuant to 18 U.S.C. § 3582(c)(2), the court may reduce the term of imprisonment when the applicable sentencing range has been lowered by the Sentencing Commission. If the retroactive amendment "does not have the effect of lowering the applicable guideline range," the court is not authorized to reduce a defendant's prison sentence. U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(2)(B) (U.S. SENTENCING COMM'N 2018); s*ee Dillon v. United States*, 560 U.S. 817, 821-22 (2010) (The provisions and limitations in these guidelines are binding on the court).

Here, while the amendment applies retroactively to defendants, like Lopez-Monjaraz, that were sentenced prior to November 1, 2014, Lopez-Monjaraz's offense involved more than 5 kilograms of actual methamphetamine. Therefore Amendment 782 does not lower the applicable guideline range and the court is not authorized to reduce the defendant's sentence.

Additionally, because Lopez-Monjaraz's request to reduce his sentence is, in effect, a successive habeas motion because it comes subsequent to Lopez-Monjaraz's § 2255 motions filed in November 2012 (ECF No. 45) and March 2014 (ECF No. 64), the court must determine whether to grant him a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). However, Lopez-Monjaraz has failed to make "a substantial showing of the denial of a constitutional right." *Id.* The court further finds that Lopez-Monjaraz has failed to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong". *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006) (quoting *Slack v. McDonald*, 529 U.S. 473, 484 (2000). Therefore, the court also denies Lopez-Monjaraz a certificate of appealability as to his motion to reduce sentence.

**III.   CONCLUSION**

IT IS THEREFORE ORDERED that Lopez-Monjaraz's motion to reduce sentence (ECF No.104) is DENIED.

IT IS FURTHER ORDERED that Lopez-Monjaraz is DENIED a certificate of appealability.


IT IS SO ORDERED.

DATED this 15th day of July, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE