UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:09-cr-00046-LRH-RAM |
| Plaintiff, | ORDER |
| v. | |
| GILBERTO LOPEZ-MONJARAZ, | |
| Defendant. | |

Defendant Gilbert Lopez-Monjaraz moves for a compassionate release (ECF No 108/113) under 18 U.S.C. § 3582(c)(1)(A)(i). The government has filed its opposition (ECF No. 116) and the defendant has filed his reply (ECF No. 117).

The court will deny the motion without prejudice because defendant has not exhausted the statutorily mandated process for seeking this relief.

18 U.S.C. § 3582(c) states that "the court may not modify term of imprisonment once it has been imposed," except under specified conditions. For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include the exhaustion of administrative remedies or the Bureau of Prison's inaction for thirty days. The exhaustion requirement is expressly required by the statute itself. As the United States Supreme Court explained in *Ross v. Blake*, while "judge-made exhaustion doctrines… remain a minimal to judge-made exceptions, [,]… a statutory exhaustion provision stands on different footing. There Congress sets the rules – and courts have a role in creating exceptions only if Congress wants them to." *Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016). The court is simply not free

to carve out an exception to the congressional mandate. Because Lopez-Monjaraz failed to exhaust the administrative process before filing his motion, it must be denied for failure to exhaust.

The court is sympathetic to the delay in deciding defendant's motion. This delay is the product of the COVID-19 pandemic which has crippled many routine court actions and caused numerous delays, continuances and resettings. Moreover, the court has had an extremely heavy caseload over the past year. In the event that defendant fully exhausts the claim-processing rule pertinent to § 3582(c)(1)(A)(i) and renews his motion before the court, his renewed motion will be placed on a priority schedule. That is not to suggest that it will be granted but is to suggest that the court will treat it with priority.

GOOD CAUSE APPEARING, defendant's motion (ECF No. 108/113) is **DENIED without prejudice** for failure to exhaust all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A).

IT IS SO ORDERED.

DATED this 26th day of October, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE